# In the United States Court of Federal Claims
**OFFICE OF SPECIAL MASTERS**
No. 21-1815V
UNPUBLISHED

| | |
|---|---|
| MARIA ALSIP,<br><br>               Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>               Respondent. | Chief Special Master Corcoran<br><br>Filed: May 15, 2023<br><br>Special Processing Unit (SPU);<br>Ruling on Entitlement; Uncontested;<br>Table Injury; Influenza (Flu) Vaccine;<br>Shoulder Injury Related to Vaccine<br>Administration (SIRVA) |

*Laura Levenberg*, Muller Brazil, LLP, Dresher, PA, *for Petitioner.*

*Voris Edward Johnson*, U.S. Department of Justice, Washington, DC, *for Respondent.*

**RULING ON ENTITLEMENT**[1]

      On September 7, 2021, Maria Alsip filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a left shoulder injury related to vaccine administration ("SIRVA"), a defined Table injury, after receiving the influenza ("flu") vaccine on October 23, 2020. Petition at 1, ¶ 1. Petitioner further alleges that she received the flu vaccine in the United States, that she suffered the residual effects of her SIRVA for more than six months, and that neither she nor any other party has filed a civil case

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

or received compensation for her SIRVA injury. *Id.* at ¶¶ 1, 9-11. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On September 13, 2022, Petitioner requested a fact ruling, finding that she had satisfied the statutory six-month requirement. ECF No. 15; *see* Section 11(c)(1)(D)(i) (statutory six-month severity requirement). In response, Respondent contended that Petitioner had failed to satisfy this requirement. ECF No. 16. On March 22, 2023, I issued a fact ruling, finding Petitioner had suffered the residual effects of her alleged SIRVA Injury for more than six months. ECF No. 17.

On May 15, 2023, Respondent filed a Rule 4(c) Report, indicating that "[w]hile reserving his right to appeal [my] March 22, 2023 Findings of Fact, [he] submits that [P]etitioner has otherwise satisfied the criteria set forth in the Vaccine Injury Table and Qualifications and Aids to Interpretation ("QAI") for a SIRVA injury." Respondent's Rule 4(c) Report at 2, ECF No. 21. He further indicates that "based on the record as it now stands and subject to his right to appeal the findings of Findings of Fact, [he] does not dispute that that [P]etitioner has satisfied all legal prerequisites for compensation under the Act." *Id.* at 6.

**In view of Respondent's position and the evidence of record, I find that Petitioner is entitled to compensation.**

**IT IS SO ORDERED.**

<u>s/Brian H. Corcoran</u>
Brian H. Corcoran
Chief Special Master